UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EASON,

           Defendant/Petitioner,

v.

UNITED STATES OF AMERICA,

           Plaintiff/Respondent.

Case No. 05-cr-80409
Case No. 08-cv-14925

SENIOR UNITED STATES
DISTRICT JUDGE
ARTHUR J. TARNOW

UNITED STATES
MAGISTRATE JUDGE
VIRGINIA M. MORGAN

_____/

## ORDER
## DENYING PETITIONER'S MOTION [84]
## TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

### I. INTRODUCTION

Charles Eason ("Petitioner" or "Defendant") moves pursuant to 28 U.S.C. § 2255 to correct his sentence of seventy-eight months imprisonment. This sentence followed a September 20, 2007 Plea Agreement [69] in which Petitioner pleaded guilty to conspiracy to distribute one hundred kilograms or more of marijuana, in violation of 21 U.S.C. § 846. As a result of the plea agreement, this Court imposed a sentence of seventy-eight months in a Judgment [78] dated March 6, 2008.

On November 24, 2008, Petitioner filed this Motion [84] to correct his sentence on the grounds that the wrong sentencing guidelines were used in his sentencing as a result of his being erroneously labeled the manager of a criminal enterprise. The United States ("the Government") filed a Response [91] and Petitioner filed a Reply [92].

After careful consideration, the Court finds that Petitioner stipulated to being the manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EASON,

        Defendant/Petitioner,

v.

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

Case No. 05-cr-80409
Case No. 08-cv-14925

SENIOR UNITED STATES
DISTRICT JUDGE
ARTHUR J. TARNOW

UNITED STATES
MAGISTRATE JUDGE
VIRGINIA M. MORGAN

_____/

## ORDER
## DENYING PETITIONER'S MOTION [84]
## TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

### I. INTRODUCTION

Charles Eason ("Petitioner" or "Defendant") moves pursuant to 28 U.S.C. § 2255 to correct his sentence of seventy-eight months imprisonment. This sentence followed a September 20, 2007 Plea Agreement [69] in which Petitioner pleaded guilty to conspiracy to distribute one hundred kilograms or more of marijuana, in violation of 21 U.S.C. § 846. As a result of the plea agreement, this Court imposed a sentence of seventy-eight months in a Judgment [78] dated March 6, 2008.

On November 24, 2008, Petitioner filed this Motion [84] to correct his sentence on the grounds that the wrong sentencing guidelines were used in his sentencing as a result of his being erroneously labeled the manager of a criminal enterprise. The United States ("the Government") filed a Response [91] and Petitioner filed a Reply [92].

After careful consideration, the Court finds that Petitioner stipulated to being the manager

of a criminal enterprise in his plea agreement. Therefore, Petitioner's motion to correct his sentence under 28 U.S.C. § 2255 must be **DENIED**.

## II. BACKGROUND

On May 16, 2005, a grand jury returned an indictment charging Petitioner, among others, with one count of conspiracy to distribute one hundred kilograms or more of marijuana and one count of possession with intent to distribute one hundred kilograms or more of marijuana. Indictment [4] at 1-3. A final count concerned forfeiture. *Id.* at 3-4.

On September 20, 2007, Petitioner entered into a plea agreement in which he pleaded guilty to Count One of the indictment. Plea Agreement [69] at 2. The plea agreement included two sections acknowledging that Petitioner was a supervisor or manager of the criminal activity.[1] At Petitioner's plea hearing on September 20, 2007, he admitted that he arranged for Tyrone Burks to unload the marijuana and that he discussed with a co-conspirator the possession of a key used to

---

[1] The first example of Petitioner's managerial role is listed under the factual basis for the guilty plea, which states:

> [D]efendant arranged participation of co-conspirator Tyrone Burks to help unload the marijuana, and participated, himself, in a meeting near the marijuana delivery site at which defendant discussed the details for obtaining the marijuana and provided a co-conspirator with a key to open the locked portion of the semi-trailer where the marijuana was stored.

Plea Agreement [69] at 3.

The second example of Petitioner's managerial role appears on the Offense Levels worksheet, which adjusts and enhances his offense by three levels for his aggravating role as a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b). *Id.* at 14.

of a criminal enterprise in his plea agreement. Therefore, Petitioner's motion to correct his sentence under 28 U.S.C. § 2255 must be **DENIED**.

## II. BACKGROUND

On May 16, 2005, a grand jury returned an indictment charging Petitioner, among others, with one count of conspiracy to distribute one hundred kilograms or more of marijuana and one count of possession with intent to distribute one hundred kilograms or more of marijuana. Indictment [4] at 1-3. A final count concerned forfeiture. *Id.* at 3-4.

On September 20, 2007, Petitioner entered into a plea agreement in which he pleaded guilty to Count One of the indictment. Plea Agreement [69] at 2. The plea agreement included two sections acknowledging that Petitioner was a supervisor or manager of the criminal activity.[1] At Petitioner's plea hearing on September 20, 2007, he admitted that he arranged for Tyrone Burks to unload the marijuana and that he discussed with a co-conspirator the possession of a key used to

---

[1] The first example of Petitioner's managerial role is listed under the factual basis for the guilty plea, which states:

> [D]efendant arranged participation of co-conspirator Tyrone Burks to help unload the marijuana, and participated, himself, in a meeting near the marijuana delivery site at which defendant discussed the details for obtaining the marijuana and provided a co-conspirator with a key to open the locked portion of the semi-trailer where the marijuana was stored.

Plea Agreement [69] at 3.

The second example of Petitioner's managerial role appears on the Offense Levels worksheet, which adjusts and enhances his offense by three levels for his aggravating role as a manager or supervisor pursuant to U.S.S.G. § 3B1.1(b). *Id.* at 14.

open up the semi-trailer where the marijuana was stored.[2] Plea TR at 11. The plea agreement was accepted by this Court, and an order sentencing Petitioner to seventy-eight months imprisonment was entered on March 6, 2008. Judgment [78] at 2. Subsequently, Petitioner filed this motion challenging the sentencing guidelines relied upon in the plea agreement.

### III. LEGAL ARGUMENT

Petitioner argues that his sentence was incorrectly enhanced by three levels pursuant to U.S.S.G. § 3B1.1(b), which allows for a three level increase in the offense level where "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." He states that no factual evidence was presented to support this sentence enhancement. Motion [84] at ¶2. Petitioner asserts that the evidence used by the Government to determine the application of this enhancement was false, including statements that Petitioner discussed the details for obtaining the illegal substances near the delivery site, that Petitioner provided a co-conspirator with a key to open the semi-trailer where the illegal substances

---

[2] The exact language on the record is:

> The Court: Okay. And you arranged for Tyrone Burks to get this stuff?
> Mr. Eason: To unload it, yes.
> . . .
> The Court: Who – did you talk to anyone about the keys to unlock the truck?
> Mr. Eason: Johnny gave the key to John Jordan.
> The Court: And you knew about that?
> Mr. Eason: I knew David Banks had the key.
> Mr. Gilmer-Hill: Before arriving at the site for the marijuana to be unloaded, had you discussed that with anybody?
> Mr. Eason: John Jordan.

Plea TR at 11.

open up the semi-trailer where the marijuana was stored.[2] Plea TR at 11. The plea agreement was accepted by this Court, and an order sentencing Petitioner to seventy-eight months imprisonment was entered on March 6, 2008. Judgment [78] at 2. Subsequently, Petitioner filed this motion challenging the sentencing guidelines relied upon in the plea agreement.

### III. LEGAL ARGUMENT

Petitioner argues that his sentence was incorrectly enhanced by three levels pursuant to U.S.S.G. § 3B1.1(b), which allows for a three level increase in the offense level where "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." He states that no factual evidence was presented to support this sentence enhancement. Motion [84] at ¶2. Petitioner asserts that the evidence used by the Government to determine the application of this enhancement was false, including statements that Petitioner discussed the details for obtaining the illegal substances near the delivery site, that Petitioner provided a co-conspirator with a key to open the semi-trailer where the illegal substances

---

[2] The exact language on the record is:

> The Court: Okay. And you arranged for Tyrone Burks to get this stuff?
> Mr. Eason: To unload it, yes.
> . . .
> The Court: Who – did you talk to anyone about the keys to unlock the truck?
> Mr. Eason: Johnny gave the key to John Jordan.
> The Court: And you knew about that?
> Mr. Eason: I knew David Banks had the key.
> Mr. Gilmer-Hill: Before arriving at the site for the marijuana to be unloaded, had you discussed that with anybody?
> Mr. Eason: John Jordan.

Plea TR at 11.

-3-

were stored, and that Petitioner was responsible for hiring another person to unload the illegal substances. *Id.* at ¶5, ¶¶7-9. Similarly, Petitioner denies that he ordered others to distribute the marijuana, and he denies that he decided how to distribute profits from the illegal business venture. *Id.* at ¶¶10, 12. Petitioner requests that this Court resentence him without the three level enhancement for being a manager or supervisor, which would decrease his sentencing guideline range to fifty-seven to seventy-one months, instead of the range previously used which was seventy-eight to ninety-seven months. *Id.* at ¶14.

Furthermore, in his Reply [92], Petitioner argues that the Government used false information to convince him to acquiesce to the plea agreement, which led this court to impose a sentence based on the Government's false information.[3] Petitioner asserts that the use of false information forced him to plead guilty, and that thus his due process was violated.

The Government argues in response that Petitioner is procedurally barred from challenging the sufficiency of the evidence supporting his stipulated sentencing guideline calculation. Resp. [91] at 3. Even if Petitioner were not procedurally barred, the Government argues that he admitted to the recruitment of a co-conspirator to participate in the underlying offense, which justifies the inclusion of a sentencing enhancement in his sentencing guideline calculations. *Id.* at 7.

---

[3] Petitioner argues in his Reply [92] that the Government convinced him that he had given the key to his accomplice, but upon further review (after entering into his plea agreement), Petitioner has realized that the Government was lying about his actions. Reply [92] at 2. Petitioner similarly explains the discrepancy regarding his admitted recruiting of an accomplice in the plea agreement. *Id.* at 2.

were stored, and that Petitioner was responsible for hiring another person to unload the illegal substances. *Id.* at ¶5, ¶¶7-9. Similarly, Petitioner denies that he ordered others to distribute the marijuana, and he denies that he decided how to distribute profits from the illegal business venture. *Id.* at ¶¶10, 12. Petitioner requests that this Court resentence him without the three level enhancement for being a manager or supervisor, which would decrease his sentencing guideline range to fifty-seven to seventy-one months, instead of the range previously used which was seventy-eight to ninety-seven months. *Id.* at ¶14.

Furthermore, in his Reply [92], Petitioner argues that the Government used false information to convince him to acquiesce to the plea agreement, which led this court to impose a sentence based on the Government's false information.[3] Petitioner asserts that the use of false information forced him to plead guilty, and that thus his due process was violated.

The Government argues in response that Petitioner is procedurally barred from challenging the sufficiency of the evidence supporting his stipulated sentencing guideline calculation. Resp. [91] at 3. Even if Petitioner were not procedurally barred, the Government argues that he admitted to the recruitment of a co-conspirator to participate in the underlying offense, which justifies the inclusion of a sentencing enhancement in his sentencing guideline calculations. *Id.* at 7.

---

[3] Petitioner argues in his Reply [92] that the Government convinced him that he had given the key to his accomplice, but upon further review (after entering into his plea agreement), Petitioner has realized that the Government was lying about his actions. Reply [92] at 2. Petitioner similarly explains the discrepancy regarding his admitted recruiting of an accomplice in the plea agreement. *Id.* at 2.

## IV. **DISCUSSION**

Title 28, United States Code, Section 2255 states:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under this statute, a petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185-86 (1979)). Here, Petitioner argues that his sentence enhancement was imposed in violation of constitutional right to due process.

The Sixth Circuit has held that "[i]n order to apply a three-level enhancement under section 3B1.1(b), there need only be evidence to support a finding that the defendant was a manager or supervisor of at least one other participant in the criminal activity." *United States v. Henley*, 360 F.3d 509, 517 (6th Cir. 2004) (citing *United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000)); *see also United States v. Gort-DiDonato*, 109 F.3d 318, 321 (6th Cir. 1997) (stating "[w]here the defendant exerts control over at least one participant in a supervisory, managerial, leadership, or organizational capacity, a sentence enhancement is required under § 3B1.1."). The key to determining whether the enhancement applies is a defendant's "relative responsibility." *Id.* (quoting *United States v. Gaitan-Acevedo*, 148 F.3d 577, 595-96 (6th Cir. 1998)). Factors that the court should consider include "the exercise of decision-making authority, the nature of participation

## IV. **DISCUSSION**

Title 28, United States Code, Section 2255 states:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under this statute, a petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185-86 (1979)). Here, Petitioner argues that his sentence enhancement was imposed in violation of constitutional right to due process.

The Sixth Circuit has held that "[i]n order to apply a three-level enhancement under section 3B1.1(b), there need only be evidence to support a finding that the defendant was a manager or supervisor of at least one other participant in the criminal activity." *United States v. Henley*, 360 F.3d 509, 517 (6th Cir. 2004) (citing *United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000)); *see also United States v. Gort-DiDonato*, 109 F.3d 318, 321 (6th Cir. 1997) (stating "[w]here the defendant exerts control over at least one participant in a supervisory, managerial, leadership, or organizational capacity, a sentence enhancement is required under § 3B1.1."). The key to determining whether the enhancement applies is a defendant's "relative responsibility." *Id.* (quoting *United States v. Gaitan-Acevedo*, 148 F.3d 577, 595-96 (6th Cir. 1998)). Factors that the court should consider include "the exercise of decision-making authority, the nature of participation

in the commission of the offense, the recruitment of accomplices, . . . [and] the degree of participation in planning or organizing the offense." *Id.* (citing U.S.S.G. § 3B1.1, cmt. n.4).

Rather than discuss the procedural issues in this case, the Court will decide the claim on its merits, which this claim lacks. In this case, Petitioner stipulated by signing the plea agreement[4] that:

> [D]efendant arranged participation of co-conspirator Tyrone Burks to help unload the marijuana, and participated, himself, in a meeting near the marijuana delivery site at which defendant discussed the details for obtaining the marijuana and provided a co-conspirator with a key[5] to open the locked portion of the semi-trailer where the marijuana was stored.

Plea Agreement [69] at 3.

Most importantly, Petitioner admitted at his plea hearing on September 20, 2007 that he arranged for Tyrone Burks to participate in the unloading of the marijuana. Plea TR at 11. By admitting this fact, Petitioner conceded his managerial role.

Petitioner cites case law in his motion and reply that does not support his argument. Petitioner cites a First Circuit case in which section 3B1.1 did not apply because the argument for enhancement was based on the amount of drugs, which is not a relevant factor, and the defendant in that case did not recruit others or have any accomplices. *United States v. Fuller*, 897 F.2d 1217, 1221 (1st Cir. 1990). In this case, Petitioner did recruit another person and the amount of drugs was not a factor in his offense level enhancement.

Petitioner argues that a sentence based on false or unreliable information violates due process. However, the case that Petitioner cites did not involve a plea agreement where a defendant

---

[4] Petitioner does not raise any issue with regard to the voluntariness of his acceptance of the plea agreement.

[5] Petitioner admitted at his Plea Hearing that he knew who possessed the key, but he did not admit that he provided the key to a co-conspirator. Plea TR at 11.

in the commission of the offense, the recruitment of accomplices, . . . [and] the degree of participation in planning or organizing the offense." *Id.* (citing U.S.S.G. § 3B1.1, cmt. n.4).

Rather than discuss the procedural issues in this case, the Court will decide the claim on its merits, which this claim lacks. In this case, Petitioner stipulated by signing the plea agreement[4] that:

> [D]efendant arranged participation of co-conspirator Tyrone Burks to help unload the marijuana, and participated, himself, in a meeting near the marijuana delivery site at which defendant discussed the details for obtaining the marijuana and provided a co-conspirator with a key[5] to open the locked portion of the semi-trailer where the marijuana was stored.

Plea Agreement [69] at 3.

Most importantly, Petitioner admitted at his plea hearing on September 20, 2007 that he arranged for Tyrone Burks to participate in the unloading of the marijuana. Plea TR at 11. By admitting this fact, Petitioner conceded his managerial role.

Petitioner cites case law in his motion and reply that does not support his argument. Petitioner cites a First Circuit case in which section 3B1.1 did not apply because the argument for enhancement was based on the amount of drugs, which is not a relevant factor, and the defendant in that case did not recruit others or have any accomplices. *United States v. Fuller*, 897 F.2d 1217, 1221 (1st Cir. 1990). In this case, Petitioner did recruit another person and the amount of drugs was not a factor in his offense level enhancement.

Petitioner argues that a sentence based on false or unreliable information violates due process. However, the case that Petitioner cites did not involve a plea agreement where a defendant

---

[4] Petitioner does not raise any issue with regard to the voluntariness of his acceptance of the plea agreement.

[5] Petitioner admitted at his Plea Hearing that he knew who possessed the key, but he did not admit that he provided the key to a co-conspirator. Plea TR at 11.

stipulated to certain facts that contributed to the enhanced sentence. Rather, Petitioner cites a case involving a court's improper consideration of previous unconstitutional convictions where the defendant had not stipulated to the previous offenses being considered. *See United States v. Tucker*, 404 U.S. 443, 447 (1972).

### VI.  CONCLUSION

For the reasons stated above, and the Court being fully advised,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [84] is **DENIED**.

**SO ORDERED**.

                s/Arthur J. Tarnow
                Arthur J. Tarnow
                Senior United States District Judge

Dated:  July 29, 2010

I hereby certify that a copy of the foregoing document was served upon Charles Eason, FCI Milan, P.O. Box 1000, Milan, MI48160 and counsel of record on July 29, 2010, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager

stipulated to certain facts that contributed to the enhanced sentence. Rather, Petitioner cites a case involving a court's improper consideration of previous unconstitutional convictions where the defendant had not stipulated to the previous offenses being considered. *See United States v. Tucker*, 404 U.S. 443, 447 (1972).

### VI. CONCLUSION

For the reasons stated above, and the Court being fully advised,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [84] is **DENIED**.

**SO ORDERED**.

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: July 29, 2010

I hereby certify that a copy of the foregoing document was served upon Charles Eason, FCI Milan, P.O. Box 1000, Milan, MI 48160 and counsel of record on July 29, 2010, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager